UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRESSA GATTINELLA, individually and on behalf of all others similarly situated,<br><br>                                     Plaintiff,<br><br>                      v.<br><br>MICHAEL KORS (USA), INC.; MICHAEL KORS, L.L.C.; MICHAEL KORS RETAIL, INC.; and MICHAEL KORS STORES, L.L.C.,<br><br>                                 Defendants. | No. 14 Civ. 5731 (WHP) |

## ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

Defendants Michael Kors (USA), Inc., Michael Kors, L.L.C., Michael Kors Retail, Inc., and Michael Kors Stores, L.L.C. (collectively, "Michael Kors"), by their under-signed attorneys, for their answer to the numbered paragraphs in Plaintiff's First Amended Class Action Complaint, state as follows:

### INTRODUCTION

1.     Deny the allegations in Paragraph 1, except admit that Plaintiff purports to bring this action and seek certain relief on behalf of herself and a putative class of Michael Kors consumers.

2.     Deny the allegations in Paragraph 2.

3.     Deny the allegations in Paragraph 3.

4.     Deny the allegations in Paragraph 4, except admit that Michael Kors displayed a price termed "OUR PRICE" on the price tags of certain goods offered for sale at Michael Kors outlet stores.

5. Deny the allegations in Paragraph 5, except admit that Michael Kors manufactures certain goods that it sells exclusively at its outlet stores.

6. Deny the allegations in Paragraph 6.

7. Deny the allegations in Paragraph 7, and respectfully refer the Court to 16 C.F.R. § 233 for the full content and context of the provisions therein.

8. Deny the allegations in Paragraph 8, and respectfully refer the Court to the California Business & Professions Code for the full content and context of the provisions therein.

9. Deny the allegations in Paragraph 9.

10. Deny the allegations in Paragraph 10.

11. Deny the allegations in Paragraph 11.

12. Deny the allegations in Paragraph 12.

13. Deny the allegations in Paragraph 13, except deny knowledge or information sufficient to form a belief as to whether Plaintiff would have purchased apparel from a Michael Kors outlet store if the information displayed on the price tags had been different.

14. Deny the allegations in Paragraph 14, except deny knowledge or information sufficient to form a belief as to whether Plaintiff "believed the truth of the price tags attached to the products she purchased."

15. Deny the allegations in Paragraph 15.

16. Deny the allegations in Paragraph 16, except admit that Plaintiff purports to seek certain relief on behalf of herself and a putative class of Michael Kors consumers.

## PARTIES

17. Deny the allegations in Paragraph 17, except deny knowledge or information sufficient to form a belief as to where Plaintiff resides, what products Plaintiff purchased, and when and where she purchased them.

18. Admit the allegations in Paragraph 18.

19. Admit the allegations in Paragraph 19.

20. Admit the allegations in Paragraph 20, except deny that Michael Kors Stores, L.L.C. is organized under the laws of the State of Delaware.

21. Admit the allegations in Paragraph 21.

22. Deny the allegations in Paragraph 22.

## JURISDICTION AND VENUE

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24. Admit the allegations in Paragraph 24.

25. Admit the allegations in Paragraph 25.

## FACTUAL ALLEGATIONS

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26.

27. Deny the allegations in Paragraph 27.

28. Deny the allegations in Paragraph 28, except admit that certain Michael Kors outlet stores are located in malls known as "outlets" or "premium outlets," and deny knowledge or information sufficient to form a belief as to whether other major retailers' outlet stores are located in purpose-built malls and whether Plaintiff purchased products from Michael Kors at the Premium Outlets in Camarillo.

3

29. Deny the allegations in Paragraph 29.

30. Deny the allegations in Paragraph 30, assert that the alleged "demand[s]" made by four members of Congress are irrelevant, and respectfully refer the Court to the quoted letter for the full content and context of the statements therein.

31. Deny the allegations in Paragraph 31.

### Plaintiff's Purchase

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32.

33. Deny the allegations in Paragraph 33.

34. Deny the allegations in Paragraph 34, assert that the alleged "empirical marketing studies" are irrelevant, and respectfully refer the Court to the quoted article for the full content and context of the statements therein.

35. Deny the allegations in Paragraph 35, except deny knowledge or information sufficient to form a belief as to whether Plaintiff would shop at Michael Kors outlet stores in the future if the information displayed on the price tags was different.

### CLASS ALLEGATIONS

36. Repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 35.

37. Deny the allegations in Paragraph 37, except admit that Plaintiff purports to bring this action on behalf of herself and a putative class of Michael Kors consumers.

38. Deny the allegations in Paragraph 38, except admit that Plaintiff purports to exclude from the putative class certain entities and persons described therein.

39. Deny the allegations in Paragraph 39.

4

40. Deny the allegations in Paragraph 40 and its various subparts.

41. Deny the allegations in Paragraph 41.

42. Deny the allegations in Paragraph 42, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff has "retained counsel who is experienced in prosecuting class actions."

43. Deny the allegations in Paragraph 43.

44. Deny the allegations in Paragraph 44.

45. Deny the allegations in Paragraph 45, except admit that Plaintiff purports to seek equitable remedies and declaratory relief.

### First Cause of Action
### (Purported Violation of the "Unfair" Prong of the UCL)

46. Repeat and incorporate by reference their responses to the allegations contained in Paragraphs 1 through 45.

47. Respectfully refer the Court to the provision of the California Business & Professions Code cited in Paragraph 47 for its full content and context.

48. Deny the allegations in Paragraph 48.

49. Deny the allegations in Paragraph 49.

50. Deny the allegations in Paragraph 50.

51. Deny the allegations in Paragraph 51.

52. Deny the allegations in Paragraph 52.

### Second Cause of Action
### (Purported Violation of the "Fraudulent" Prong of the UCL)

53. Repeat and incorporate by reference their responses to the allegations contained in Paragraphs 1 through 52.

54. Respectfully refer the Court to the provision of the California Business & Professions Code cited in Paragraph 54 for its full content and context.

55. Deny the allegations in Paragraph 55.

56. Deny the allegations in Paragraph 56.

57. Deny the allegations in Paragraph 57.

58. Deny the allegations in Paragraph 58.

59. Deny the allegations in Paragraph 59.

60. Deny the allegations in Paragraph 60.

61. Deny the allegations in Paragraph 61.

### Third Cause of Action
### (Purported Violation of the "Unlawful" Prong of the UCL)

62. Repeat and incorporate by reference their responses to the allegations contained in Paragraphs 1 through 61.

63. Respectfully refer the Court to the provision of the California Business & Professions Code cited in Paragraph 63 for its full content and context.

64. Deny the allegations in Paragraph 64.

65. Deny the allegations in Paragraph 65, and respectfully refer the Court to the California Business & Professions Code for the full content and context of the provisions therein.

66. Respectfully refer the Court to the provision of the Civil Code cited in Paragraph 66 for its full content and context.

67. Deny the allegations in Paragraph 67.

68. Deny the allegations in Paragraph 68, and respectfully refer the Court to 16 C.F.R. § 233 for the full content and context of the provisions therein.

69. Deny the allegations in Paragraph 69.

70. Deny the allegations in Paragraph 70.

71. Deny the allegations in Paragraph 71.

**Fourth Cause of Action**
**(Purported Violation of the California False Advertising Law,**
**California Business & Professions Code Sections 17500, *et seq.*)**

72. Repeat and incorporate by reference their responses to the allegations contained in Paragraphs 1 through 71.

73. Deny the allegations in Paragraph 73, and respectfully refer the Court to the California Business & Professions Code for the full content and context of the provisions therein.

74. Deny the allegations in Paragraph 74.

75. Deny the allegations in Paragraph 75.

**Fifth Cause of Action**
**(Purported Violation of the Consumers Legal Remedies Act,**
**California Civil Code Sections 1750, *et seq.*: Injunctive Relief)**

76. Repeat and incorporate by reference their responses to the allegations contained in Paragraphs 1 through 75.

77. Deny the allegations in Paragraph 77, except admit that Plaintiff purports to bring this cause of action pursuant to California's Consumers Legal Remedies Act.

78. Deny the allegations in Paragraph 78.

79. Deny the allegations in Paragraph 79.

80. Deny the allegations in Paragraph 80.

81. Deny the allegations in Paragraph 81.

82.   Deny the allegations in Paragraph 82, except admit that counsel for Plaintiff sent a letter to Michael Kors dated July 25, 2014, and that counsel for Michael Kors responded by letter dated August 4, 2014, and respectfully refer the Court to those letters for the full content and context of the statements therein.

83.   Deny the allegations in Paragraph 83.

## AFFIRMATIVE DEFENSES AND OTHER DEFENSES

Michael Kors asserts the following affirmative defenses and other defenses with respect to each and every cause of action asserted against it, without assuming the burden of proof for any issue to which applicable law places the burden on Plaintiff. Moreover, nothing stated herein is intended to be construed as an acknowledgment that any particular issue or subject matter is relevant to Plaintiff's allegations. Furthermore, all such defenses are pleaded in the alternative, and do not constitute an admission of liability or that Plaintiff is entitled to any relief whatsoever. Michael Kors reserves the right to raise additional defenses not asserted herein of which it may become aware through discovery or other investigation, or as otherwise may be appropriate.

## FIRST DEFENSE

The First Amended Class Action Complaint, and each and every cause of action stated therein, is barred, in whole or in part, because any representations or statements that Michael Kors may have made and/or any actions that Michael Kors may have undertaken were truthful and accurate and were not likely to or intended to mislead or deceive Plaintiff and/or the putative class members.

## SECOND DEFENSE

The First Amended Class Action Complaint, and each and every cause of action stated therein, is barred, in whole or in part, because Plaintiff and/or the putative class members did not actually rely, and did not and could not have justifiably or reasonably relied on the purported misrepresentations or misstatements alleged in the First Amended Class Action Complaint.

## THIRD DEFENSE

The First Amended Class Action Complaint, and each and every cause of action stated therein, is barred, in whole or in part, because the alleged conduct of Michael Kors was not unfair and was undertaken in good faith for a valid business purpose.

## FOURTH DEFENSE

The First Amended Class Action Complaint, and each and every cause of action stated therein, is barred, in whole or in part, because the alleged conduct of Michael Kors fully and substantially complied with applicable federal and state laws, regulations and rules.

## FIFTH DEFENSE

The First Amended Class Action Complaint, and each and every cause of action stated therein, is barred, in whole or in part, because Michael Kors's display of a "suggested" retail price on price tags for its outlet goods does not constitute a representation or statement of fact as to whether those goods were in fact offered for sale by some or all retail stores at those "suggested" prices.

### SIXTH DEFENSE

The First Amended Class Action Complaint, and each and every cause of action stated therein, is barred, in whole or in part, because Plaintiff and/or the putative class members would be unjustly enriched if allowed to recover any of the sums alleged to be due.  Permitting Plaintiff and/or the putative class members both to keep the Michael Kors goods they allegedly purchased and to recover some or the entire amount paid for such goods offends equity and good conscience.

### SEVENTH DEFENSE

The First Amended Class Action Complaint, and each and every cause of action stated therein, is barred, in whole or in part, by the doctrines of waiver, estoppel, consent and/or acquiescence, because Plaintiff and/or some or all members of the putative class knew or should have known about the conduct about which Plaintiff now complains at the time that they purchased the Michael Kors outlet products in question.

### EIGHTH DEFENSE

The First Amended Class Action Complaint, and each and every cause of action stated therein, is barred, in whole or in part, by the voluntary payment doctrine, because Plaintiff and/or some or all members of the putative class knew or should have known about the conduct about which Plaintiff now complains at the time that they purchased the Michael Kors outlet products in question.

### NINTH DEFENSE

The First Amended Class Action Complaint, and each and every cause of action stated therein, is barred, in whole or in part, by the applicable statutes of limitations, including California Business & Professions Code Section 17208, to the extent it seeks relief for putative class members who purchased products from Michael

Kors more than four years before Plaintiff filed this action, and California Civil Code Section 1783 and California Code of Civil Procedure Section 338(a), to the extent it seeks relief for putative class members who purchased products from Michael Kors more than three years before Plaintiff filed this action.

## TENTH DEFENSE

The First Amended Class Action Complaint, and each and every cause of action stated therein, is barred, in whole or in part, because to the extent that Plaintiff has suffered any injury or harm, which Michael Kors expressly denies, Plaintiff and/or the putative class members have failed to mitigate the injury or harm allegedly incurred. By, among other things, declining to resell, return, or exchange the products they purportedly purchased at Michael Kors's outlet stores, Plaintiff and/or the putative class members have failed to reduce or otherwise avoid purported losses stemming from the purchase of such products.

## ELEVENTH DEFENSE

The First Amended Class Action Complaint, and each and every cause of action stated therein, is barred, in whole or in part, because Plaintiff's claims are not maintainable as a class action under Federal Rule of Civil Procedure 23. Among other things, the members of the putative class are not so numerous that joinder is impractical; common issues of fact and law do not predominate over individual issues; Plaintiff's purported claims are not sufficiently typical of those of the purported class members; Plaintiff will not adequately represent and protect the interests of the purported class members; and/or a class action is not superior to other available methods of adjudicating the purported claims.

## TWELFTH DEFENSE

Plaintiff's and the putative class members' claims for equitable relief are barred to the extent that there is an adequate remedy at law.

## THIRTEENTH DEFENSE

Plaintiff's and the putative class members' claims for monetary relief are barred because they have not suffered any financial harm or injury.

**WHEREFORE**, Michael Kors demands judgment dismissing the First Amended Class Action Complaint with prejudice, and awarding reasonable expenses and costs incurred herein, and for such further relief as the Court deems just and proper.

Dated: New York, New York
       September 25, 2014

          PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

          By: _____
          Leslie Gordon Fagen
          Walter Rieman
          Darren W. Johnson
          1285 Avenue of the Americas
          New York, New York 10019
          Telephone: (212) 373-3000
          Facsimile: (212) 757-3990
          lfagen@paulweiss.com
          wrieman@paulweiss.com
          djohnson@paulweiss.com

          *Attorneys for Defendants Michael Kors (USA), Inc., Michael Kors, L.L.C., Michael Kors Retail, Inc., and Michael Kors Stores, L.L.C.*