# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

TRESSA GATTINELLA, individually and on behalf            No. 14 Civ. 5731 (WHP)
of all others similarly situated,

                                        *Plaintiff,*

                    *-against-*


MICHAEL KORS (USA), INC.; MICHAEL KORS,
L.L.C.; MICHAEL KORS RETAIL, INC.; and
MICHAEL KORS STORES, L.L.C.,

                                        *Defendants*.
-------------------------------------------------------------------------x

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement" or "Settlement") is made by and among: (1) Plaintiffs, Tressa Gattinella and Kristina Lengyel (collectively, "Plaintiffs"), on behalf of themselves and the Settlement Class (as defined below); and (2) Michael Kors (USA), Inc., Michael Kors, L.L.C., Michael Kors Retail, Inc., and Michael Kors Stores, L.L.C. (collectively, "Michael Kors").  Class Counsel (as defined below) and Plaintiffs hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Agreement and upon entry by the Court (as defined below) of a Final Approval Order (as defined below), all claims of Plaintiffs and the Settlement Class Members (as defined below) against Michael Kors in this case shall be settled, compromised, and released upon the terms and conditions contained herein.

## I.      Background of Litigation

        1.      On July 25, 2014, Plaintiff Gattinella filed a Class Action Complaint in the United States District Court for the Southern District of New York seeking monetary damages, restitution and declaratory relief from Michael Kors based on its alleged deceptive and misleading labeling and marketing of merchandise that it sells at its Michael Kors Outlet Stores (as defined below), including its allegedly misleading price tags on its Michael Kors Outlet

12613-002/00612596_1

Products (as defined below).  Thereafter, on August 28, 2014, Plaintiff Gattinella filed her First Amended Complaint. On September 24, 2015, Michael Kors filed its Answer.  On December 24, 2014, Plaintiff Gattinella filed a Second Amended Complaint adding Plaintiff Lengyel. Thereafter the parties engaged in discovery.

2.      Class Counsel conducted a thorough investigation into the facts surrounding the alleged deceptive and misleading labeling and marketing.  This investigation included, but was not limited to, factual research, legal research, and collecting and reviewing documents and data through discovery and otherwise.

3.      Beginning in early 2015, the Parties (as defined below) engaged in preliminary settlement discussions.  On February 11, 2015, the Parties had an informal settlement conference in New York.  On April 2, 2015, the Parties participated in a formal mediation session with Professor Eric Green in New York, at which time the Parties reached an agreement in principle and signed a term sheet, which memorialized, subject to negotiation and execution of this Agreement and subject to Preliminary Approval and Final Approval (as defined below), the Parties' good faith intention to fully, finally and forever resolve, discharge and release all rights and claims of Plaintiffs and the Settlement Class Members in exchange for Michael Kors' Agreement to: (a) pay the sum of Four Million Eight Hundred Seventy-Five Thousand Dollars ($4,875,000.00) to create a common fund for the benefit of the Settlement Class, which includes the costs of notice and settlement administration; and (b) modify the price tags on its Michael Kors Outlet Products (as defined below).

4.      On April 8, 2014, the Parties filed a Notice of Settlement with the Court.

5.      The Parties now agree to settle the Action in its entirety, without any admission of liability, with respect to all Released Claims (as defined below) by the Settlement Class Members.  The Parties intend this Agreement to bind Plaintiffs, Michael Kors and Settlement Class Members.

**NOW, THEREFORE,** in light of the foregoing, for good and valuable consideration, the receipt of which is hereby mutually acknowledged, Plaintiffs and Michael Kors agree to the Settlement, subject to approval by the Court, as follows.

## II.    Definitions

In addition to the terms defined at various points within this Agreement, the following Defined Terms apply throughout this Agreement and the attached exhibits:

6.    "Claim Verification Form" means the claim document, attached hereto as Exhibit 3, prepared and approved by Class Counsel, Michael Kors' Counsel and the Settlement and Notice Administrator, that will be submitted by claimants seeking to join the Settlement Class.

7.    "Class Counsel" means Kopelowitz Ostrow PA., Tycko & Zavareei LLP and the Law Offices of Wayne Kreger.

8.    "Class Period" means the period from July 25, 2010 through, and including, July 25, 2014.

9.    "Court" means the United States District Court for the Southern District of New York.

10.    "Effective Date" means the fifth business day after which all of the following events have occurred:

a.    All Parties, Michael Kors' Counsel and Class Counsel have executed this Agreement;

b.    The Court has entered, without material change, the Final Approval Order; and

c.    The time for appeal or petition has expired, and no appeal or petition for rehearing or review has been timely filed; or the Settlement is affirmed on appeal or review without material change, no other appeal or petition for rehearing or review is pending, and the time period during which further petition for hearing, review, appeal or certiorari could be taken has finally expired and relief from a failure to file same is not available.

11.     "Escrow Account" means the account to be established consistent with the terms and conditions described in Section III below.  The Escrow Account shall be held at an FDIC insured bank selected by Class Counsel.

12.     "Escrow Agent" means Epiq Systems Inc.  The Escrow Agent shall administer the Escrow Account.

13.     "Final Approval" means the date that the Court enters the Final Approval Order granting Final Approval to the Settlement and determines the amount of fees, costs and expenses awarded to Class Counsel and the amount of the Service Awards (defined below) to Plaintiffs. The proposed Final Approval Order that will be attached to the motion for final approval of the Settlement shall be in a form agreed to by Class Counsel and Michael Kors' Counsel.

14.     "Final Approval Order" means the order and judgment that the Court enters upon finally approving the Settlement.

15.     "Michael Kors' Counsel" means Paul, Weiss, Rifkind, Wharton & Garrison LLP**.**

16.      "Michael Kors Outlet Store" means all Michael Kors branded outlet stores in the United States that existed at any time during the Class Period that sold Michael Kors Outlet Products.

17.     "Michael Kors Outlet Products" means any product sold at a Michael Kors Outlet Store that was made specifically for Michael Kors outlet stores, and that was sold with tags showing both an "MSRP" (Manufacturer's Suggested Retail Price) and an "Our Price."  Michael Kors Outlet Products do not include watches, jewelry, fragrances, eyewear or any other product that did not have a price tag that showed both an "MSRP" and an "Our Price."

18.     "Net Settlement Fund" means the Settlement Fund, plus any interest earned, minus Court-approved attorneys' fees, costs and expenses, notice and administration expenses, Court-approved Service Awards to Plaintiffs and any costs associated with taxes and investments as to the Settlement Fund.

19.     "Notice" means the notices of proposed class action settlement that the Parties will ask the Court to approve in connection with the motion for preliminary approval of the

4

Settlement.  "Notice Program" means the methods provided for in this Agreement for giving the Notice and consists of Published Notice and Long-form Notice substantially in the forms attached hereto as Exhibits 1 and 2, respectively.  A complete description of the contemplated Notice Program is provided in Section IX, below.

20.     "Opt-Out Period" means the period that begins the day after the earliest date on which the Notice is first mailed or published, and that ends no later than 45 days prior to the Final Approval Hearing.  The Opt-Out deadline will be specified in the Notice.

21.     "Parties" means Plaintiffs and Michael Kors.

22.     "Preliminary Approval" means the date that the Court enters, without material change, an order preliminarily approving the Settlement in the form jointly agreed to by the Parties.

23.     "Released Claims" means all claims to be released as specified in Section XIV of this Agreement.  The "Releases" means all of the releases contained in Section XIV of this Agreement.

24.     "Released Parties" means those persons and entities released by paragraph 66.

25.     "Releasing Parties" means all Plaintiffs and all Settlement Class Members, and each of their respective heirs, assigns, beneficiaries and successors.

26.     "Service Award" means any Court-ordered payment to Plaintiffs (in addition to any payment due Plaintiffs as Settlement Class Members).

27.     "Settlement" means the settlement into which the Parties have entered to resolve the Action.  The terms of the Settlement are as set forth in this Agreement and the attached exhibits.

28.     "Settlement and Notice Administrator" means Epiq Systems Inc.

29.     "Settlement Class" means all consumers who purchased Michael Kors Outlet Products from a Michael Kors Outlet Store during the Class Period.  Excluded from the Settlement Class are directors, officers and employees of Michael Kors, its parents and subsidiaries, and any entity in which Michael Kors has a controlling interest.

30.    "Settlement Class Member" means any person in the Settlement Class who does not opt-out of the Settlement.

31.    "Settlement Fund" means the fund established under Section III of this Agreement.

32.    "Settlement Website" means the website that the Settlement and Notice Administrator will establish as soon as practicable following Preliminary Approval, but prior to the commencement of the Notice Program, as a means for persons in the Settlement Class to obtain notice of and information about the Settlement, through and including hyperlinked access to this Agreement, the Long-Form Notice, Claim Verification Form, the order preliminarily approving this Settlement and such other documents as Settlement Class Counsel and Michael Kors' Counsel agree to post or that the Court orders posted on the website.  These documents shall remain on the Settlement Website at least until Final Approval.  The URL of the Settlement Website shall be www.korsoutletsettlement.com or such other URL as Class Counsel and Michael Kors' Counsel may subsequently agree upon in writing.  The Settlement Website shall not include any advertising, and shall not bear or include the Michael Kors logo or trademarks. Ownership of the Settlement Website URL shall be transferred to Michael Kors within 10 days after the Effective Date.

## III.    Establishing and Maintaining the Settlement Fund; Costs of Notice and Settlement Administration

33.    Within 5 days of Preliminary Approval, Michael Kors shall deposit the sum of Four Million Eight Hundred Seventy-Five Thousand Dollars ($4,875,000.00) into the Escrow Account to create the Settlement Fund.

34.    Upon the establishment of the Escrow Account, the Escrow Agent may, but shall not be obligated to, cause the Settlement Fund in the Escrow Account to be invested in interest-bearing short-term instruments – to be agreed upon by Class Counsel and Michael Kors' Counsel – that are backed by the full faith and credit of the United States Government or that are fully insured by the United States Government or an agency thereof (the "Instruments").  The Escrow

Agent may thereafter re-invest the interest proceeds and the principal as they mature in similar Instruments, bearing in mind the liquidity requirements of the Escrow Account to ensure that it contains sufficient cash available to pay all invoices, taxes, fees, costs and expenses, and other required disbursements, in a timely manner. Except as otherwise specified herein, the Instruments at all times will remain in the Escrow Account and under the control of the Escrow Agent. The Escrow Agent shall communicate with Settlement Class Counsel and Michael Kors' Counsel on at least a monthly basis to discuss potential cash needs from the Settlement Fund for the following month. All costs incurred in connection with investing in the Instruments shall be paid from the Settlement Fund.

35.     The Settlement Fund at all times shall be deemed a "qualified settlement fund" within the meaning of United States Treasury Reg. § 1.468B-l. All taxes (including any estimated taxes, and any interest or penalties relating to them) arising with respect to the income earned by the Settlement Fund or otherwise, including any taxes or tax detriments that may be imposed on Michael Kors, Michael Kors' Counsel, Plaintiffs and/or Class Counsel with respect to income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for the purpose of federal or state income taxes or otherwise (collectively, "Taxes"), shall be paid out of the Settlement Fund. Michael Kors, Michael Kors' Counsel, Plaintiffs and Class Counsel shall have no liability or responsibility for any of the Taxes. The Settlement Fund shall indemnify and hold Michael Kors, Michael Kors' Counsel, Plaintiffs and Class Counsel harmless for all Taxes (including, without limitation, Taxes payable by reason of any such indemnification).

36.     The Settlement Fund shall be used to pay all distributions to Settlement Class Members as follows: (a) any attorneys' fees, costs and expenses awarded to Class Counsel; (b) any Service Awards awarded to Plaintiffs; (c) costs and fees for settlement and notice administration; and (d) distribution of payments to Settlement Class Members.

**IV.** **Additional Relief as to Pricing Model**

37.     Currently, Michael Kors' utilizes an "MSRP" and an "Our Price" price comparison on the price tags of Michael Kors Outlet Products.

38.     Within six months of Final Approval, unless Michael Kors elects to do it sooner, Michael Kors agrees either to: (a) replace "MSRP" with "Value" on price tags of Michael Kors Outlet Products, and display signage in Michael Kors Outlet Stores that explains the meaning of "Value" (as that term is used on price tags of Michael Kors Outlet Products) to customers; or (b) not use a reference price (i.e., a price at which the product was not previously offered for sale at a Michael Kors retail store or a Michael Kors Outlet Store) on the price tags of products made exclusively for sale in Michael Kors Outlet Stores.

**V.** **Conditional Certification of the Settlement Class**

39.     The Parties and Class Counsel agree that, if approved, certification of the Settlement Class is a conditional certification for settlement purposes only.

40.     If the Settlement is not finally approved by the Court, disapproved by any court, not consummated for any reason, or is terminated, the certification of the Settlement Class will be null and void, and the Action shall proceed as though the Settlement Class had never been certified, and each Party shall retain all of their respective rights as they existed prior to execution of this Settlement.  No doctrine of waiver, estoppel, or preclusion will be asserted in any litigated certification proceedings in the Action.  If the Settlement is not finally approved, is disapproved by any court, is not consummated for any reason, or is terminated, Michael Kors shall not be precluded from challenging class certification in further proceedings in the Action or in any other action.  Neither this Settlement, any agreements made by or entered into by Michael Kors in connection with the Settlement, nor any of its accompanying exhibits or any orders entered by the Court in connection with this Settlement, shall be admissible or used for any purpose in this Action or any other action.  This includes, but is not limited to, any use by Plaintiffs, any person in the Settlement Class or any other person to establish any of the elements

of class certification in any litigated certification proceedings, whether in the Action or any other action.

## VI.   **Preliminary Approval**

41.    Upon execution of this Agreement by all Parties, Class Counsel shall promptly move the Court for an Order granting Preliminary Approval of this Settlement ("Preliminary Approval Order").  The proposed Preliminary Approval Order that will be attached to the motion shall be in a form agreed upon by Class Counsel and Michael Kors' Counsel.  The motion for preliminary approval shall request that the Court:  (i) approve the terms of the Settlement as within the range of fair, adequate and reasonable; (ii) provisionally certify the Settlement Class pursuant to the Federal Rules of Civil Procedure and Rule 23(e) for settlement purposes only; (iii) approve the Notice Program set forth herein and approve the form and content of the Notices of the Settlement, substantially in the forms attached to this Agreement as Exhibits 1 and 2; (iv) approve the procedures set forth in this Agreement for persons in the Settlement Class to exclude themselves from the Settlement or to object to the Settlement; (v) approve the procedures set forth in this Agreement for persons in the Settlement Class to submit their Claim Verification Forms; (vi) stay the Action pending Final Approval of the Settlement; and (vii) schedule a Final Approval Hearing for a time and date mutually convenient for the Court, Class Counsel and Michael Kors' Counsel, at which the Court will conduct an inquiry into the fairness, reasonableness and adequacy of the Settlement, and determine whether to approve the Settlement and Class Counsel's application for attorneys' fees, costs and expenses and for Service Awards to Plaintiffs ("Final Approval Hearing").

42.    The Parties, through the Settlement and Notice Administrator, shall serve or cause to be served a notice of the proposed Settlement, in conformance with the Class Action Fairness Act, 28 U.S.C. § 1715(b).

## VII.   **Settlement and Notice Administrator**

43.    The Parties have agreed to retain Epiq Systems Inc. to serve as the Settlement and Notice Administrator.  The Settlement and Notice Administrator's fees and expenses will be paid

out of the Settlement Fund.  The Settlement and Notice Administrator shall administer various aspects of the Settlement as described in this Agreement, including, but not limited to, effectuating the Notice Program pursuant to Section IX below; distributing the Settlement Fund as provided herein; and, in the event of a termination of the Settlement pursuant to Section XVI below, returning the Settlement Fund, along with any accrued interest or earnings, less any amounts already committed to pay for expenses and costs associated with investments and/or taxes with respect to the Settlement Fund, to Michael Kors. Class Counsel and Michael Kors' Counsel will oversee the Settlement and Notice Administrator.

44.     The duties of the Settlement and Notice Administrator, in addition to other responsibilities that are described in this Agreement, are as follows:

a.      Obtain from Michael Kors and Class Counsel a complete and accurate list of all Michael Kors Outlet Store locations that were in operation during the Class Period;

b.      Establish and maintain a Post Office box for requests for exclusion from the Settlement Class;

c.      Establish and maintain the Settlement Website;

d.      Establish and maintain an automated toll-free telephone line for persons in the Settlement Class to call with Settlement-related inquiries, and answer the questions of persons who call with or otherwise communicate such inquiries (except that the Settlement and Notice Administrator shall not give, and shall not be expected to give, legal advice);

e.      Receive and review for completeness the Claim Verification Forms submitted by claimants seeking to be part of the Settlement Class;

f.      Respond to any mailed inquiries from persons in the Settlement Class;

g.      Process all requests for exclusion from persons in the Settlement Class;

h.      Provide weekly reports and a final report to Class Counsel and Michael Kors' Counsel that summarize the number of requests for exclusion received that week, the total number of exclusion requests received to date and other pertinent information;

i.      At Class Counsel's request in advance of the Final Approval Hearing, prepare an affidavit to submit to the Court that identifies each person in the Settlement Class who timely and properly requested exclusion from the Settlement Class;

j.      Process and transmit payments to Class Members from the Net Settlement Fund;

k.      Perform all tax-related services for the Escrow Account as provided in this Agreement;

l.      Perform the duties of Escrow Agent as described in this Agreement, and any other Settlement-administration-related function at the instruction of Class Counsel and Michael Kors' Counsel; and

m.      Pay invoices, expenses and costs upon approval by Settlement Class Counsel and Michael Kors' Counsel, as provided in this Agreement

## VIII.   **Providing Notice to the Settlement Class**

45.     Upon Preliminary Approval of the Settlement, the Settlement and Notice Administrator shall implement the Notice Program outlined herein, using the forms of Notice approved by the Court in the Preliminary Approval Order.  The Notice shall include, among other information: a description of the material terms of the Settlement; a date by which persons in the Settlement Class may exclude themselves from or "opt-out" of the Settlement Class; a date by which persons in the Settlement Class may object to the Settlement; the date by which persons in the Settlement Class must submit their Claim Verification Form; the date upon which the Final Approval Hearing will occur; and the address of the Settlement Website at which persons in the Settlement Class may access this Agreement and other related documents and information. Class Counsel and Michael Kors' Counsel shall insert the correct dates and deadlines in the Notice before the Notice Program commences, based upon those dates and deadlines set by the Court in the Preliminary Approval Order.  Notices and publications provided under or as part of the Notice Program shall not bear or include the Michael Kors logo or

trademarks, the return address of Michael Kors, or otherwise be styled so as to appear to originate from Michael Kors.

46.     The Notice also shall include a procedure for persons in the Settlement Class to opt-out at any time during the Opt-Out Period.  A person in the Settlement Class who does not timely and validly request to opt-out shall be bound by the terms of this Agreement.

47.     The Notice also shall include a procedure for Settlement Class Members to object to the Settlement and/or to Class Counsel's application for attorneys' fees, costs and expenses and/or for Service Awards to Plaintiffs.  Objections to the Settlement or to the application for attorneys' fees, costs, expenses and Service Awards must be mailed to the Clerk of the Court, Class Counsel and Michael Kors' Counsel.  For an objection to be considered by the Court, the objection must be postmarked no later than the last day of the Opt-Out Period, as specified in the Notice.  For an objection to be considered by the Court, the objection must also set forth:

    a.     the name of the case;

    b.     the objector's full name, address and telephone number;

    c.     an explanation of the basis upon which the objector claims to be a Settlement Class Member;

    d.     all grounds for the objection, accompanied by any legal support for the objection known to the objector or his or her counsel;

    e.     the number of times in which the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection and a copy of any orders or opinions related to or ruling upon the objector's prior such objections that were issued by the trial and appellate courts in each listed case;

    f.     the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application;

g.      the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the firm's prior such objections that were issued by the trial and appellate courts in each listed case;

h.      any and all agreements that relate to the objection or the process of objecting – whether written or verbal – between objector or objector's counsel and any other person or entity;

i.      the identity of all counsel representing the objector who will appear at the Final Approval Hearing;

j.      a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection;

k.      a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

l.      the objector's signature (an attorney's signature is not sufficient).

48.     The Notice also shall include a procedure for persons in the Settlement Class to file a Claim Verification Form.  Any member of the Settlement Class who opts-out at any time during the Opt-Out Period shall be ineligible to submit a Claim Verification Form, and the Settlement Administrator shall reject any such Claim Verification Forms.

49.     Notice shall be provided to the Settlement Class in two different ways: Published Notice and Long-form Notice on the Settlement Website.

50.     The Published Notice shall be substantially in the form attached hereto as Exhibit 1 and the Long-form Notice shall be substantially in the form attached hereto as Exhibit 2.

51.     The Settlement and Notice Administrator shall administer the Published Notice, which shall be comprised of: a) a one-time appropriate sized print advertisement covering the areas in which Michael Kors had Michael Kors Outlet Stores during the Class Period; and  b)

targeted internet advertising.  The Published Notice shall be completed no later than 90 days before the Final Approval Hearing.

52.     Within 7 days after the date the Settlement and Notice Administrator completes the Published Notice, the Settlement and Notice Administrator shall provide Settlement Class Counsel and Michael Kors' Counsel with an affidavit that confirms that the Published Notice was given in accordance with the Preliminary Approval Order.  Class Counsel shall file the affidavit with the Court in conjunction with Plaintiffs' motion for final approval of the Settlement.

## IX.     <u>Final Approval Order and Judgment</u>

53.     Plaintiffs' motion for Preliminary Approval of the Settlement will include a request to the Court for a scheduled date on which the Final Approval Hearing will occur. Plaintiffs shall file their motion for Final Approval of the Settlement and their application for attorneys' fees, costs and expenses and for Service Awards for Plaintiffs no later than 60 days prior to the Final Approval Hearing.  At the Final Approval Hearing, the Court will hear argument on Plaintiffs' motion for Final Approval of the Settlement, and on Class Counsel's application for attorneys' fees, costs and expenses and for Service Awards for Plaintiffs.  In the Court's discretion, the Court also will hear argument at the Final Approval Hearing from any Settlement Class Members (or their counsel) who timely object to the Settlement or to the fee, cost, expense or Service Award application, provided that said objections meet all of the requirements listed in this Agreement.

54.     The Court at the Final Approval Hearing will determine whether to enter the Final Approval Order granting final approval of the Settlement, and whether to approve Class Counsel's request for attorneys' fees, costs, expenses and Service Awards.  The proposed Final Approval Order that will be attached to the motion shall be in a form agreed upon by Settlement Class Counsel and Michael Kors' Counsel.  Such Final Approval Order shall, among other things:

a.     Determine that the Settlement is fair, reasonable and adequate;

b.      Finally certify the Settlement Class for settlement purposes only;

c.      Determine that the Notice provided satisfies Due Process requirements;

d.      Dismiss the Action with prejudice and without costs;

e.      Bar and enjoin Plaintiffs and all Settlement Class Members from asserting any of the Released Claims, as set forth below, including during any appeal from the Final Approval Order;

f.      Release Michael Kors and the Released Parties from the Released Claims, as set forth below; and

g.      Reserve the Court's continuing and exclusive jurisdiction over the Parties to this Agreement, including Plaintiffs, Michael Kors and all Settlement Class Members, to administer, supervise, construe and enforce this Agreement in accordance with its terms.

## X.      Claim Verification Forms Submission and Review Procedures

55.      To be eligible to participate in the Settlement as a Settlement Class Member, claimants must submit the Claim Verification Form online or by mail to the Settlement and Notice Administrator.  The Notice Program will direct claimants to the Settlement Website to provide instructions on how to complete and submit the Claim Verification Form.

56.      At the request of a Settlement Class Member, the Settlement and Notice Administrator will send a hard copy of the form to the claimant's address.  The Settlement Class Member shall return the Claim Verification Form to the mailing address identified on the Claim Verification Form, and shall be responsible for the cost of postage to deliver the Claim Verification Form to the Settlement and Notice Administrator.

57.      Once the forms are submitted online or by mail, the Settlement and Notice Administrator will be responsible for reviewing the forms for completeness.  Should a Claim Verification Form be complete, the claimant will be added to the Settlement Class Member list. If a Claim Verification Form is incomplete, the Settlement and Notice Administrator will send written verification to the claimant that the form is rejected.  The claimant will have one more opportunity to submit a corrected completed form.

58.     All Claim Verification Forms, whether the initial or second submission, must be submitted online or postmarked no later than 45 days after the entry of the Final Approval Order ("Claim Verification Form Deadline").

**XI.     Allocation & Distribution of Settlement Fund Among Settlement Class Members**

59.     All Settlement Class Members who submit a valid Claim Verification Form ("Valid Class Members") will receive a percentage of the Net Settlement Fund.  The percentage each Valid Class Member receives will be dependent upon the total number of Valid Class Members, and whether such Valid Class Member is entitled to one, two, three, four or five points, as follows: (a) each Valid Class Member who submits a Claim Verification Form but does not submit a valid receipt evidencing the purchase of Michael Kors Outlet Product(s) during the Class Period shall receive one point; (b) each Valid Class Member who submits one or more valid receipts evidencing the purchase of Michael Kors Outlet Product(s) during the Class Period that total less than $200 will receive two points; (c) each Valid Class Member who submits one or more valid receipts evidencing the purchase of Michael Kors Outlet Product(s) during the Class Period that total $200 to $499 will receive three points; (d) each Valid Class Member who submits one or more valid receipts evidencing the purchase of Michael Kors Outlet Product(s) during the Class Period that total $500 to $999 will receive four points; and (e) each Valid Class Member who submits one or more valid receipts evidencing the purchase of Michael Kors Outlet Product(s) during the Class Period that total $1,000 or more will receive five points.  Thereafter, each Valid Class Member's percentage will be determined by dividing the number of points he or she receives by the number of total points of all Valid Class Members in order to determine his or her percentage of the Net Settlement Fund.  By way of example, if there are 2000 total Valid Class Members, 400 of whom receive one point, 400 of whom receive two points, 400 of whom receive three points, 400 of whom receive four points, and 400 of whom receive five points, the number of total points would be 6,000, and a Valid Class Member who received five points would receive .00083% (or 5/6000) of the Net Settlement Fund, a Valid Class Member who received four points would receive .00067% (or 4/6000) of the Net Settlement Fund, a Valid

Class Member who received three points would receive .00050% (or 3/6000) of the Net Settlement Fund, a Valid Class Member who received two points would receive .00033% (or 2/6000) of the Net Settlement Fund, and a Valid Class Member who received one point would receive .00017% (or 1/6000) of the Net Settlement Fund.

60.     The actual amount recovered by each Valid Class Member will not be determined until after the Claim Verification Form deadline has passed and all such claim forms have been received and processed by the Settlement and Notice Administrator.  Payments will be made by check and distributed by the Settlement and Notice Administrator 30 days after the later of the Claim Verification Form Deadline or the Effective Date.

61.     Checks shall contain an appropriate legend, in a form approved by Class Counsel and Michael Kors' Counsel, to indicate that it is from the Settlement.  Checks will be cut and mailed by the Settlement Administrator, and will be sent to the addresses that the Settlement Class Members provide on the Claim Verification Forms.  Checks shall be valid for 180 days.

62.     The amount of the Net Settlement Fund attributable to uncashed checks and checks returned to the Settlement and Notice Administrator shall remain in the Settlement Fund for 1 year from the date that the first distribution check is mailed by the Settlement and Notice Administrator, during which time the Settlement and Notice Administrator shall make a reasonable effort to locate Settlement Class Members whose checks were returned to effectuate delivery of such checks to the Settlement Class Members entitled to them.  The Settlement and Notice Administrator shall make only one attempt to re-mail or re-issue a distribution check.

63.     All costs associated with the process of printing and mailing the checks and any accompanying communication to Settlement Class Members shall be paid out of the Settlement Fund.

**XII.    Disposition of Residual Funds After Distribution to Settlement Class Members**

64.     Within 1 year plus 30 days after the date the Settlement and Notice Administrator mails the first Settlement Class Member payment, if any funds remain in the Settlement Fund, the Parties shall meet and confer regarding the distribution of any remaining funds to (i) an

appropriate charitable organization approved by the Court (as a *cy pres* award); (ii) Valid Class Members (as a supplemental distribution); or (iii) a combination thereof.

65.     All costs associated with the disposition of residual funds − whether through additional distributions to Valid Class Members or through an alternative plan approved by the Court − shall be borne solely by the Settlement Fund.  Under no circumstances shall Michael Kors have responsibility for any costs associated with the disposition of residual funds whether through additional distributions to Valid Class Members and/or through an alternative plan approved by the Court.

## XIII.   Releases

66.     As of the Effective Date, and for good and valuable consideration set forth herein, Plaintiffs and each Settlement Class Member, each on behalf of himself or herself and on behalf of his or her respective heirs, assigns, beneficiaries and successors, shall automatically be deemed to have fully and irrevocably released, acquitted, and forever discharged Michael Kors and each of its present and former parents, subsidiaries, divisions, affiliates, predecessors, successors and assigns, and the present and former directors, officers, employees, agents, insurers, shareholders, attorneys, advisors, consultants, representatives, partners, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, predecessors, successors and assigns of each of them, of and from any and all liabilities, rights, claims, actions, causes of action, obligations, demands, damages, penalties, debts, accounts, duties, liens, charges, complaints, costs and expenses, attorneys' fees, losses and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, that result from, arise out of, are based upon, or relate to the conduct, omissions, duties or matters during the Class Period that were, or could have been, alleged in the instant lawsuit, including, without limitation, any claims, actions, causes of action, demands, damages, losses, or remedies relating to, based upon, resulting from, arising out of, or related in whole or in part to any or all of the alleged acts, omissions, facts, matters, transactions,

circumstances, and occurrences that were directly or indirectly alleged, asserted, described, set forth, or referred to in the Action.

67.     Plaintiffs or any Settlement Class Member may hereafter discover facts other than or different from those that he/she knows or believes to be true with respect to the subject matter of the claims released pursuant to the terms of paragraph 66, or the law applicable to such claims may change.  Nonetheless, each of those individuals expressly agrees that, as of the Effective Date, he/she shall have automatically and irrevocably waived and fully, finally and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, contingent or non-contingent claims with respect to all of the matters described in or subsumed by paragraph 66.  Further, each of those individuals agrees and acknowledges that he/she shall be bound by this Agreement, including by the releases contained in paragraph 66, and that all of their claims in the Action shall be dismissed with prejudice and released, whether or not such claims are concealed or hidden; without regard to subsequent discovery of different or additional facts and subsequent changes in the law; and even if he/she never receives actual notice of the Settlement or never receives a distribution of funds from the Settlement.  Plaintiffs and any Settlement Class Member further waive any and all rights or benefits that they as individuals or the class may now have as a result of the alleged facts, circumstances, and occurrences underlying the claims set forth in the Action under the terms of Section 1542(a) of the California Civil Code (or similar statute in effect in any other jurisdiction), which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH DEBTOR.

XIV.  **Payment of Attorneys' Fees, Costs and Incentive Awards**

    A.    **Class Counsel Fees and Costs**

    68.    Michael Kors agrees not to oppose Class Counsel's request for attorneys' fees of up to thirty percent (30%) of the amount of the Settlement Fund, as well as reimbursement of costs and expenses incurred in connection with the Action.  Any award of attorneys' fees, costs and expenses to Class Counsel shall be payable solely out of the Settlement Fund, and is subject to Court approval.  Notwithstanding anything herein, the Court's failure to approve, in whole or in part, any award of attorneys' fees, costs and expenses to Class Counsel shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination.  In the event the Court declines to approve, in whole or in part, the payment of attorneys' fees, costs and expenses to Class Counsel in the amounts sought by Class Counsel, or at all, the remaining provisions of this Agreement shall remain in full force and effect.

    69.    The Parties negotiated and reached this Agreement regarding the terms of paragraph 68 only after reaching agreement on all other material terms of this Settlement.

    B.    **Payment of Attorneys' Fees and Costs**

    70.    Within 5 days of the date of Final Approval, the Escrow Agent shall pay from the Settlement Fund to Class Counsel all Court-approved attorneys' fees, costs and expenses of Class Counsel, including interest accrued thereon. Class Counsel shall furnish to the Escrow Agent any required tax information or forms before the payment is made.  The Parties negotiated and reached this agreement regarding any Service Awards only after reaching agreement on all other material terms of this Settlement.

    71.    The payment of attorneys' fees, costs and expenses of Class Counsel pursuant to paragraph 70 shall be made through a deposit by the Escrow Agent into Class Counsel's selected trust account.

    C.    **Class Representative Service Awards**

    72.    Michael Kors agrees not to oppose Class Counsel's request that the Court approve Service Awards of $5,000.00 per Plaintiff.  Any Service Awards are to be paid from the

Settlement Fund.   Any Service Awards shall be paid to Plaintiffs in addition to Plaintiffs' Settlement Class Member payments.   Notwithstanding anything herein, the Court's failure to approve, in whole or in part, the Service Awards sought by Class Counsel shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination.   In the event the Court declines to approve, in whole or in part, any Service Awards in the amounts set forth above, or at all, the remaining provisions of this Agreement shall remain in full force and effect.

73.   Upon the Effective Date, the payment of Service Awards pursuant to paragraph 72 shall be made through a deposit by the Escrow Agent into Class Counsel's selected trust account.

74.   The Parties negotiated and reached this agreement regarding any Service Awards only after reaching agreement on all other material terms of this Settlement.

## XV.   Termination of Settlement and Effect of Termination

75.   This Settlement may be terminated by either Michael Kors or Class Counsel by serving on counsel for the opposing Party and filing with the Court a written notice of termination within 10 days after any of the following occurrences:

   a.   Any court rejects or denies approval of the Settlement;

   b.   any court materially modifies, or materially amends or changes,  any term or condition of this Settlement, other than terms pertaining to Attorneys' Fees and Expenses and/or Service Awards;

   c.   the Effective Date does not occur; or

   d.   any other ground for termination provided for elsewhere in this Agreement.

76.   Michael Kors also shall have the right, but not the obligation, to terminate the Settlement by serving on Class Counsel and filing with the Court a notice of termination within 10 days of its receipt from the Settlement and Notice Administrator of the total number of people in the Settlement Class who opted out during the Opt-Out Period pursuant to paragraph 46, if the number of persons in the Settlement Class who timely request exclusion from the Settlement

Class equals or exceeds the number or percentage specified in the separate letter agreement executed concurrently with this Settlement by Michael Kors' Counsel and Class Counsel. The number or percentage shall be confidential except to the Court, who shall upon request be provided with a copy of the letter agreement for *in camera* review.

77.     In the event the Settlement is terminated or fails to become effective for any reason, the amounts paid into the Settlement Fund by Michael Kors, together with any interest earned thereon, less any Taxes due with respect to such income, and less costs from the Settlement Administrator for administration and notice actually incurred and paid or payable, shall be refunded and remitted to Michael Kors.

78.     In the event of a termination of the Settlement pursuant to this Section, the parties shall be deemed to have reverted to their respective status in the Action as of the date of this Settlement, and the parties shall retain all of their pre-Settlement litigation rights and defenses, including Plaintiffs' right to seek class certification and Michael Kors' right to oppose class certification.

79.     This Settlement shall become effective on the Effective Date unless earlier terminated in accordance with the provisions herein.

80.     In the event the Settlement is terminated in accordance with the provisions herein, any discussions, offers, or negotiations associated with this Settlement shall not be discoverable or offered into evidence or used in the Action or any other action or proceeding for any purpose, without prejudice to Plaintiffs' right to seek discovery and class certification, and Michael Kors' right to oppose class certification.  In such event, all Parties to the Action shall stand in the same position as if this Agreement had not been negotiated, made or filed with the Court.

**XVI.**   **Parties' Positions on the Action and Settlement; No Admission**

81.     The Parties understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims.  This Agreement and any Court order related hereto, and any action taken by the Parties either previously or in connection with the negotiations or proceedings connected with this Agreement, is not a concession or admission,

and shall not be used against Michael Kors, or any of its respective partners, officers, directors, agents, employees or business partners as an admission or indication with respect to any claim of any fault, liability or wrongdoing by any of them of any kind.

82.     Class Counsel and Plaintiffs believe that the claims asserted in the action have merit, and they have examined and considered the benefits to be obtained under the proposed Settlement set forth in this Agreement, the risks associated with the continued prosecution of this complex, costly and time-consuming litigation, and the likelihood of success on the merits of the Action.  Class Counsel have fully investigated the facts and law relevant to the merits of the claims, have conducted extensive formal and informal discovery, and have conducted independent investigation of the challenged practices.   Class Counsel and Plaintiffs have concluded that the proposed Settlement set forth in this Agreement is fair, reasonable, adequate and in the best interests of the Settlement Class.

83.     Michael Kors disputes the claims alleged in the action and does not by this Agreement or otherwise admit any liability, culpability or wrongdoing of any kind.  Michael Kors expressly denies liability for the claims asserted.  Nor shall this agreement constitute an admission by Michael Kors as to any interpretation of laws or as to merits, validity, or accuracy of any claims made against it in the Litigation.  Each of the parties has entered into this Agreement to avoid further disputes and litigation with the attendant inconveniences and expenses.

84.     Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement:  (a) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by the Plaintiffs or Settlement Class Members, or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission of any of the Released Parties, in the Action or in any proceeding in any court, administrative agency or other tribunal.

85.     In addition to any other defenses Michael Kors may have at law, in equity, or otherwise, to the extent permitted by law, this Agreement may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit or other proceeding that may be instituted, prosecuted or attempted in breach of this Agreement or the Releases contained herein.

## XVII.  Miscellaneous Provisions

86.     Gender and Plurals.   As used in this Agreement, the masculine, feminine, or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

87.     Binding Effect.   This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Releasing Parties and the Released Parties.

88.     Cooperation of Parties.   The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents, to seek Court approval, defend Court approval and to do all things reasonably necessary to complete and effectuate the Settlement described in this Agreement.

89.     Obligation To Meet And Confer.   Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties shall consult with each other and certify to the Court that they have consulted.

90.     Integration.   This Agreement (along with the letter agreement referenced in paragraph 76 herein) constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter herein. No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein.

91.     No Conflict Intended.   Any inconsistency between the headings used in this Agreement and the text of the paragraphs of this Agreement shall be resolved in favor of the text.

92.     Counterparts.   This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the

same instrument, even though all Parties do not sign the same counterparts.  Original signatures are not required.  Any signature submitted by facsimile or through email of an Adobe PDF shall be deemed an original.

93.     <u>Jurisdiction and Governing Law</u>.   The Court shall retain jurisdiction over the implementation, enforcement and performance of this Agreement which, except as otherwise provided herein, shall be construed in accordance with, and be governed by, the laws of the State of New York, without regard of law to the principles thereof regarding choices of law, except to the extent federal law controls the issue in dispute.  The Court shall have exclusive jurisdiction over any suit, action, proceeding or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties.  The Court shall retain jurisdiction with respect to the administration, consummation and enforcement of the Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Agreement.  The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice program and the Settlement Administrator.  As part of their respective agreements to render services in connection with this Settlement, the Settlement and Notice Administrator shall consent to the jurisdiction of the Court for this purpose.

94.     <u>Notices</u>.   All notices to counsel provided for herein shall be sent by email and facsimile with a hard copy sent by overnight mail to:

<u>*As to Plaintiffs and the Settlement Class*</u>:

Jeffrey M. Ostrow (pro hac vice)
**KOPELOWITZ OSTROW P.A.**
200 S.W. First Avenue, 12th Floor
Fort Lauderdale, FL 33301
Telephone: (954) 525-4100
Facsimile: (954) 525-4300
ostrow@kolawyers.com

Hassan A. Zavareei (pro hac vice)
**TYCKO & ZAVAREEI LLP**
2000 L Street, NW, Suite 808
Washington, DC 20036
Telephone: (202) 973-0900
Facsimile: (202) 973-0950
hzavareei@tzlegal.com

Wayne S. Kreger, Esq.
**LAW OFFICES OF WAYNE KREGER**
SDNY Bar No.: WK2868
303 Fifth Avenue, Suite 1201
New York, New York 10016
Telephone: (212) 956-2136
Facsimile: (212) 956-2137
E-Mail: wayne@kregerlaw.com

<u>*As to Michael Kors*</u>:

Leslie Gordon Fagen
Darren W. Johnson
Danielle B. Polebaum
**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**
285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3710
Facsimile: (212) 492-0710
lfagen@paulweiss.com
djohnson@paulweiss.com
dpolebaum@paulweiss.com

The notice recipients and addresses designated above may be changed by written notice. Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of objections, requests for exclusion, or other filings received as a result of the Notice Program.

95.     <u>Modification and Amendment</u>.   This Agreement may be amended or modified only by a written instrument signed by the Parties and their respective counsel and approved by the Court.

96.    <u>No Waiver</u>.  The waiver by any party of any breach of this Agreement by another Party shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement.

97.    <u>Authority</u>.   Plaintiffs represent and warrant that they have full power and authority to execute this Agreement. Michael Kors represents and warrants that the persons signing this Agreement on their behalf have full power and authority to bind every person, partnership, corporation, or entity included within the definition of Michael Kors to all terms of this Agreement.   Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

98.    <u>Agreement Mutually Prepared</u>.   Neither Michael Kors nor Plaintiffs, nor any of them, shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

99.    <u>Independent Investigation and Decision to Settle</u>.   The Parties understand and acknowledge that:  (a) they have performed an independent investigation of the allegations of fact and law made in connection with the action; and (b) even if they may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the action as reflected in this Agreement, that will not affect or in any respect limit the binding nature of this Agreement.   It is the Parties' intention to resolve their disputes in connection with the action pursuant to the terms of this Agreement now and thus, in furtherance of their intentions, the Agreement shall remain in full force and effect notwithstanding the discovery of any additional facts or law, or changes in law, and this Agreement shall not be subject to rescission or modification by reason of any changes or differences in facts or law, subsequently occurring or otherwise.

100.   <u>Receipt of Advice of Counsel</u>.  Each Party acknowledges, agrees and specifically warrants that he, she, or it has fully read this Agreement and the Releases contained the

Agreement, received independent legal advice with respect to the advisability of entering this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.

*Signatures on following page*

**PLAINTIFFS**

_____
TRESSA GATTINELLA

_____
KRISTINA LENGYEL

**MICHAEL KORS**

By: _____

Its: _____

**CLASS COUNSEL**

_____
JEFFREY M. OSTROW

_____
HASSAN ZAVAREEI

_____
WAYNE KREGER

**MICHAEL KORS' COUNSEL**

_____
LESLIE GORDON FAGEN

12613-002/00612596_1                                29

**PLAINTIFFS**

_____

TRESSA GATTINELLA

_____

KRISTINA YENGEL

**MICHAEL KORS (USA), INC.,
MICHAEL KORS, L.L.C.,
MICHAEL KORS RETAIL, INC.,
AND MICHAEL KORS STORES,
L.L.C.**

By: _____

Their Its: _SJP, General Counsel_

**CLASS COUNSEL**

_____

JEFFREY M. OSTROW

_____

HASSAN ZAVAREEI

_____

WAYNE KREGER

**MICHAEL KORS' COUNSEL**

_____

LESLIE GORDON FAGEN

29

**PLAINTIFFS**

_____

TRESSA GATTINELLA

_____

KRISTINA LENGYEL

**MICHAEL KORS**

By: _____

Its: _____

**CLASS COUNSEL**

_____

JEFFREY M. OSTROW

_____

HASSAN ZAVAREEI

_____

WAYNE KREGER

**MICHAEL KORS' COUNSEL**

_____

LESLIE GORDON FAGEN

# EXHIBIT 1

## PUBLICATION NOTICE

### If You Bought Products at a Michael Kors Outlet Store
### You May Be Eligible for a Payment from a Class Action Settlement

A Settlement has been reached in a class action lawsuit concerning the labeling and marketing of merchandise sold in Michael Kors Outlet Stores during the period July 25, 2010 through July 25, 2014.

### What's this Settlement about?

The lawsuit alleges that Michael Kors deceptively and misleadingly labeled and marketed merchandise that it sells at its Michael Kors Outlet Stores, including by using allegedly misleading price tags on its Michael Kors Outlet Products, which Plaintiffs claim resulted in damages to Plaintiffs and the Settlement Class. Michael Kors maintains that its marketing and labeling is not deceptive or misleading, and is entirely proper and permitted by law.

### Who's included?

You are included in the Settlement Class if between July 25, 2010, and July 25, 2014 you purchased at least one item at a Michael Kors Outlet Store that was sold with a price tag showing both an "MSRP" (Manufacturer's Suggested Retail Price) and an "Our Price." These items do not include watches, jewelry, fragrances, eyewear or any other product that did not have a price tag that showed both an "MSRP" and an "Our Price." The Settlement Class does not include directors, officers or employees of Michael Kors, its parents and subsidiaries, or any entity in which Michael Kors has a controlling interest.

### What are the Settlement terms?

Michael Kors has agreed to establish a Settlement Fund of $4,875,000 from which Settlement Class Members will receive payments. The amount of such individual payments cannot be determined at this time. The amount will be based on a number of factors, including the number of Settlement Class Members who submit a valid Claim Verification Form and the amount of the Settlement Fund available for distribution. Michael Kors has also agreed to change the labeling of its price tags of certain items in its outlet stores.

### How to get a payment.

If you purchased a Michael Kors Outlet Product between July 25, 2010, and July 25, 2014, to be eligible to receive a payment as a Settlement Class Member, you must submit a Claim Verification Form online at www.KorsOutletSettlement.com or by mail. If you would like to submit the form by mail, you may request that the form be mailed to You by calling 1-800-_____. All Claim Verification Forms must be fully completed and submitted online or postmarked if by mail no later than 30 days after the Court grants Final Approval. If you are included in the Settlement Class and entitled to a payment, once the Court approves the Settlement and it becomes final and effective, you will receive a check in the mail for your share of the Settlement.

### Your rights may be affected.

If you do not want to be legally bound by the Settlement, you must exclude yourself from the Settlement Class. Your request to exclude must be postmarked no later than _____, 2015. If you do not exclude yourself, you will release your Michael Kors Outlet Store pricing claims and will not be able to sue Michael Kors for any claim relating to the lawsuit. If you stay in the Settlement Class, you may object to it by _____, 2015. For further information on how to opt-out or object to the Settlement, please visit the website, or call the phone number, listed below.

The Court will hold a hearing on _____, 2015, to consider whether to approve the Settlement and a request for Service Awards of $5,000 each for the Plaintiffs and attorneys' fees of up to 30% of the Settlement Fund, along with the reimbursement of expenses. You may appear at the hearing, but you are not required to attend. You may hire your own attorney, at your own expense, to appear or speak for you at the hearing.

12613-002/00612598_1

**For more information: www.KorsOutletSettlement.com or 1-800-***-****
Do not contact Michael Kors or the Court for information.**
All capitalized terms herein have the same meanings as those in the Settlement Agreement.

# EXHIBIT 2

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

# IF YOU PURCHASED PRODUCTS AT A MICHAEL KORS OUTLET STORE YOU MAY BE ELIGIBLE FOR A PAYMENT FROM A CLASS ACTION SETTLEMENT.[1]

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- A Settlement has been reached in a class action lawsuit concerning the labeling and marketing of merchandise sold in Michael Kors Outlet Stores during the period July 25, 2010 through July 25, 2014.

- Your legal rights are affected whether you act or don't act. Read this notice carefully.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Receive A Payment** | If you are a member of the Settlement Class, you must submit a completed Claim Verification Form to receive a payment. If the Court approves the Settlement and it becomes final and effective, and you remain in the Settlement Class, you will receive your payment by check. |
| **Exclude Yourself From The Settlement** | Receive no benefit from the Settlement. This is the only option that allows you to retain your right to bring any other lawsuit against Michael Kors about the claims in this case. |
| **Object** | Write to the Court if you do not like the Settlement. |
| **Go to a Hearing** | Ask to speak in Court about the fairness of the Settlement. |
| **Do Nothing** | You will not receive a payment if you fail to timely submit a completed Claim Verification Form, and you will give up your right to bring your own lawsuit against Michael Kors about the claims in this case. |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be provided if the Court approves the Settlement and after any appeals are resolved. Please be patient.

---

[1] All capitalized terms in this notice are defined in the Settlement Agreement, which may be found online at the website below.

| WHAT THIS NOTICE CONTAINS |
|---|

**BASIC INFORMATION** ...............................................................................................................PAGE 3
    1. Why is there a notice?
    2. What is this lawsuit about?
    3. Why is this a class action?
    4. Why is there a Settlement?

**WHO IS IN THE SETTLEMENT** ..........................................................................................PAGE 4
    5. Who is included in the Settlement?

**THE SETTLEMENT'S BENEFITS** ................................................................................... PAGE 4-5
    6. What does the Settlement provide?
    7. How do I receive a payment?
    8. What am I giving up to stay in the Settlement Class?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** .......................................................PAGE 5
    9. How do I get out of the Settlement?
    10. If I don't exclude myself, can I sue Michael Kors for the same thing later?
    11. If I exclude myself from the Settlement, can I still receive a payment?

**THE LAWYERS REPRESENTING YOU** ......................................................................... PAGE 5-6
    12. Do I have a lawyer in this case?
    13. How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT** .............................................................................. PAGE 6-7
    14. How do I tell the Court that I don't like the Settlement?
    15. What's the difference between objecting and excluding?

**THE COURT'S FINAL APPROVAL HEARING** ....................................................................PAGE 8
    16. When and where will the Court decide whether to approve the Settlement?
    17. Do I have to come to the hearing?
    18. May I speak at the hearing?

**IF YOU DO NOTHING** ...............................................................................................PAGE 9
    19. What happens if I do nothing at all?

**GETTING MORE INFORMATION** ..............................................................................PAGE 9
    20. How do I get more information?

## BASIC INFORMATION

| 1.  Why is there a Notice? |
| --- |

A Court authorized this notice because you have a right to know about the proposed Settlement of this class action lawsuit, and about all of your options, before the Court decides whether to give final approval to the Settlement. This notice explains the lawsuit, the Settlement and your legal rights.

Judge William H. Pauley, III of the U.S. District Court for the Southern District of New York is presiding over this case. The case is known as *Gattinella v. Michael Kors (USA), Inc., et al.*, Case No. 14-civ-5731 (WHP). Tressa Gattinella and Kristen Lengyel, the people who sued, are called the "Plaintiffs." The "Defendants" are Michael Kors (USA), Inc., Michael Kors, L.L.C., Michael Kors Retail, Inc., and Michael Kors Stores, L.L.C.  Throughout this notice, the Defendants are collectively called "Michael Kors."

| 2.  What is this lawsuit about? |
| --- |

The lawsuit alleges that Michael Kors deceptively and misleadingly labeled and marketed merchandise that it sells at its Michael Kors Outlet Stores, including by using allegedly misleading price tags on its Michael Kors Outlet Products, which Plaintiffs claim resulted in damages to Plaintiffs and the Settlement Class.  Michael Kors maintains that its marketing and labeling is not deceptive or misleading, and is entirely proper and permitted by law.

| 3.  Why is this a class action? |
| --- |

In a class action, one or more people, called class representatives (in this case, two Michael Kors' customers who purchased products from Michael Kors Outlet Stores), sue on behalf of people who have similar claims.

All of the people who have claims similar to the class representatives are members of the Settlement Class, except for those who exclude themselves from the class.

| 4.  Why is there a Settlement? |
| --- |

The Court has not decided in favor of either Plaintiffs or Michael Kors. Instead, both sides agreed to the Settlement. By agreeing to the Settlement, the Parties avoid the costs and uncertainty of a trial, and Settlement Class Members receive the benefits described in this notice. The class representatives and their attorneys think the Settlement is best for everyone who is affected.

12613-002/00612597_1 **Questions?  Call 1-8XX-XXX-XXXX or visit www.KorsOutletSettlement.com**

3

# WHO IS IN THE SETTLEMENT?

## 5.  Who is included in the Settlement?

You are included in the Settlement Class if between July 25, 2010, and July 25, 2014 you purchased at least one item at a Michael Kors Outlet Store that was sold with a price tag showing both an "MSRP" (Manufacturer's Suggested Retail Price) and an "Our Price."  These items do not include watches, jewelry, fragrances, eyewear or any other product that did not have a price tag that showed both an "MSRP" and an "Our Price."

If this did not happen to you, then you are not a member of the Settlement Class.  Further, you are not eligible for a payment under the Settlement if you do not fully complete and timely submit a Claim Verification Form to the Settlement and Notice Administrator.  Also excluded from the Settlement Class are directors, officers and employees of Michael Kors, its parents and subsidiaries, or any entity in which Michael Kors has a controlling interest.  You may contact the Settlement and Notice Administrator if you have any questions as to whether you are in the Settlement Class.

# THE SETTLEMENT'S BENEFITS

## 6.  What does the Settlement provide?

Michael Kors has agreed to establish a Settlement Fund of $4,875,000 from which Settlement Class Members will receive payments.  All Settlement Class Members who submit a valid Claim Verification Form ("Valid Class Members") will receive a percentage of the net Settlement Fund (after the payment of other fees and expenses from the Settlement Fund).  The percentage each Valid Class Member receives will be dependent upon the total number of Valid Class Members, and whether such Valid Class Member is entitled to one, two, three, four or five points, as follows: (a) each Valid Class Member who submits a Claim Verification Form but does not submit a valid receipt evidencing the purchase of Michael Kors Outlet Product(s) during the Class Period shall receive one point; (b)  each Valid Class Member who submits one or more valid receipts evidencing the purchase of Michael Kors Outlet Product(s) during the Class Period that total less than $200 will receive two points; (c) each Valid Class Member who submits one or more valid receipts evidencing the purchase of Michael Kors Outlet Product(s) during the Class Period that total $200 to $499 will receive three points; (d) each Valid Class Member who submits one or more valid receipts evidencing the purchase of Michael Kors Outlet Product(s) during the Class Period that total $500 to $999 will receive four points; and (e) each Valid Class Member who submits one or more valid receipts evidencing the purchase of Michael Kors Outlet Product(s) during the Class Period that total $1,000 or more will receive five points.  Thereafter, each Valid Class Member's percentage will be determined by dividing the number of points he or she receives by the number of total points of all Valid Class Members in order to determine his or her percentage of the Net Settlement Fund.

Michael Kors has also agreed to change the labeling of its price tags of certain items in its outlet stores.  In particular, Michael Kors will either (a) replace "MSRP" with "Value" on price tags of Michael Kors Outlet Products, and display signage in Michael Kors Outlet Stores that explains the meaning of "Value" (as that term is used on price tags of Michael Kors Outlet Products) to

customers; or (b) not use a reference price (i.e., a price at which the product was not previously offered for sale at a Michael Kors retail store or a Michael Kors Outlet Store) on the price tags of products made exclusively for sale in Michael Kors Outlet Stores.

| 7.  How do I receive a payment? |
|---|

If you are in the Settlement Class and entitled to receive a cash benefit, you must fully complete and timely submit a Claim Verification Form.  A copy of the form is attached hereto as Exhibit 1. You may obtain the Claim Verification Form either online at www.KorsOutletSettlement.com or by contacting the Settlement and Notice Administrator at 1-8XX-XXX-XXXX and requesting a form.  All forms must be submitted online or postmarked no later than 45 days after the entry of the Final Approval Order.  If the Court approves the Settlement, you will automatically receive a check in the mail for your share of the Settlement.

| 8.  What am I giving up to stay in the Settlement Class? |
|---|

Unless you exclude yourself from the Settlement Class, you cannot sue, continue to sue or be part of any other lawsuit against Michael Kors about the legal issues in this case.  It also means that all of the decisions by the Court will bind you.  The "Release of Claims" included in the Settlement Agreement describes the precise legal claims that you give up if you remain in the Settlement.  The Settlement Agreement is available at www.KorsOutletSettlement.com.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want benefits from the Settlement, and you want to keep the right to sue or continue to sue Michael Kors on your own about the legal issues in this case, then you must take steps to get out of the Settlement. This is called excluding yourself – or it is sometimes referred to as "opting-out" of the Settlement Class.

| 9.  How do I get out of the Settlement? |
|---|

To exclude yourself from the Settlement, you must send a letter that includes the following:

•      Your name, address and telephone number;
•      A statement that you want to be excluded from the Michael Kors Settlement in *Gattinella v. Michael Kors (USA), Inc., et al.*, Case No. 14-civ-5731 (WHP); and
•      Your signature.

You must mail your exclusion request, postmarked no later than _____, 2015, to:

Michael Kors Outlet Settlement
P.O. Box _____
[ City, State, Zip ]

**10.  If I do not exclude myself, can I sue Michael Kors for the same thing later?**

No.  Unless you exclude yourself, you give up the right to sue Michael Kors for the claims that the Settlement resolves.  You must exclude yourself from this Settlement Class in order to try to pursue your own lawsuit.

**11.  If I exclude myself from the Settlement, can I still receive a payment?**

No.  You will not receive a payment if you exclude yourself from the Settlement.

# THE LAWYERS REPRESENTING YOU

**12.  Do I have a lawyer in this case?**

The Court has appointed lawyers to represent you and others in the Settlement Class as "Class Counsel," including:

**Jeffrey M. Ostrow**
Kopelowitz Ostrow P.A.
200 SW 1st Avenue, Ste. 1200
Fort Lauderdale, FL 33301
Telephone: (954) 525-4100

**Hassan Zavareei**
Tycko & Zavareei LLP
2000 L Street, N.W., Suite 8008
Washington D.C. 20036
Telephone: (202) 973-0900

**Wayne S. Kreger, Esq.**
Law Offices of Wayne Kreger
303 Fifth Avenue, Suite 1201
New York, New York 10016
Telephone: (212) 956-2136

Class Counsel will represent you and others in the Settlement Class. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**13.  How will the lawyers be paid?**

Class Counsel intends to request up to thirty percent (30%) of the money in the Settlement Fund for attorneys' fees, plus reimbursement of their expenses incurred in connection with prosecuting this case.  The fees and expenses awarded by the Court will be paid out of the Settlement Fund. The Court will determine the amount of fees and expenses to award.  Class Counsel will also

request that up to $5,000.00 per Plaintiff be paid from the Settlement Fund to the two class representatives for their service to the entire Settlement Class.

# OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

| 14.  How do I tell the Court that I don't like the Settlement? |
| --- |

If you are a Settlement Class Member, you can object to any part of the Settlement, the Settlement as a whole, Class Counsel's requests for fees and expenses, and/or Class Counsel's request for Service Awards for Plaintiffs.  To object, you must submit a letter that includes the following:

- The name of this case, which is *Gattinella v. Michael Kors (USA), Inc., et al.,* Case No. 14-civ-5731 (WHP);
- Your full name, address and telephone number;
- An explanation of the basis upon which you claim to be a Settlement Class Member;
- All grounds for the objection, accompanied by any legal support for the objection known to you or your counsel;
- The identity of all counsel who represent you, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application;
- The number of times in which you have objected to a class action settlement within the five years preceding the date that you file the objection, the caption of each case in which you have made such objection, and a copy of any orders or opinions related to or ruling upon the prior objections that were issued by the trial and appellate courts in each listed case;
- Any and all agreements that relate to the objection or the process of objecting – whether written or verbal – between you or your counsel and any other person or entity;
- The identity of all counsel representing you who will appear at the hearing that the Court has scheduled to determine whether to grant final approval to the Settlement and Class Counsel's request for attorneys' fees and service awards to Plaintiffs (the "Final Approval Hearing");
- The number of times in which your counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date that you file the objection, the caption of each case in which counsel or the firm has made such objection, and a copy of any orders related to or ruling upon counsel's or the firm's prior objections that were issued by the trial and appellate courts in each listed case;
- A list of all persons who will be called to testify at the Final Approval Hearing in support of the objection;
- A statement confirming whether you intend to personally appear and/or testify at the Final Approval Hearing; and
- Your signature (an attorney's signature is not sufficient).

You must submit your objection to the following addresses, so that it is received by all the people listed below no later than _____, 2015:

12613-002/00612597_1 Questions?  Call 1-8XX-XXX-XXXX or visit www.KorsOutletSettlement.com

7

| Clerk of the Court<br>United States District Court for<br>Southern District of New York<br>Daniel Patrick Moynihan<br>United States Courthouse<br>500 Pearl Street<br>New York, NY 10007 | Michael Kors<br>Outlet<br>Litigation<br>P.O. Box ___<br>[City, State,<br>Zip] | Jeffrey M. Ostrow<br>Kopelowitz Ostrow P.A.<br>200 SW 1st Ave., Ste. 1200<br>Fort Lauderdale, FL 33301<br><br>Hassan Zavareei<br>Tycko & Zavareei LLP<br>2000 L St., N.W., Ste. 8008<br>Washington D.C. 20036<br><br>Wayne S. Kreger, Esq.<br>303 Fifth Ave., Ste. 1201<br>New York, NY 10016 | Darren W. Johnson<br>Paul Weiss, Rifkind,<br>Wharton & Garrison, LLP<br>285 Ave. of the Americas<br>New York, NY 10019 |

## 15.  What's the difference between objecting and excluding?

Objecting is telling the Court that you do not like something about the Settlement.  You can object to the Settlement only if you do not exclude yourself from the Settlement.  Excluding yourself from the Settlement is telling the Court that you don't want to be part of the Settlement.  If you exclude yourself from the Settlement, you have no basis to object to the Settlement because it no longer affects you.

# THE COURT'S FINAL APPROVAL HEARING

The Court will hold a Final Approval Hearing to decide whether to approve the Settlement and the request for attorneys' fees and expenses and Service Awards for Plaintiffs.  You may attend and you may ask to speak, but you don't have to do so.

## 16.  When and where will the Court decide whether to approve the Settlement?

The Court will hold the Final Approval Hearing at _____ on _____, 2015, at the United States District Court for Southern District of New York, located at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007.  The hearing may be moved to a different date or time without additional notice, so it is a good idea to check www.KorsOutletSettlement.com for updates.  At this hearing, the Court will consider whether the Settlement is fair, reasonable and adequate.  The Court will also consider any request by Class Counsel for attorneys' fees and expenses and for service awards for Plaintiffs.  If there are objections, the Court will consider them at this time.  After the hearing, the Court will decide whether to approve the Settlement.  We do not know how long these decisions will take.

## 17.  Do I have to come to the hearing?

No.  Class Counsel will answer any questions the Court may have.  But, you may come at your own expense.  If you send an objection, you don't have to come to Court to talk about it.  As

long as you submitted your written objection on time to the proper address, and as long as it complies with the requirements set forth above, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

| **18.  May I speak at the hearing?** |
|---|

You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must send a letter saying that you intend to appear and wish to be heard. Your Notice of Intention to Appear must include the following:

• Your name, address and telephone number;

• A statement that this is your "Notice of Intention to Appear" at the Final Approval Hearing for the Michael Kors Outlet Settlement in *Gattinella v. Michael Kors (USA), Inc., et al.*, Case No. 14-civ-5731 (WHP);

• The reasons you want to be heard;

• Copies of any papers, exhibits, or other evidence or information that is to be presented to the Court at the Final Approval Hearing; and

• Your signature.

You must submit your Notice of Intention to Appear, so that it is received no later than _____, 2015, to all of the addresses listed in Question 14 above.

# IF YOU DO NOTHING

| **19.  What happens if I do nothing at all?** |
|---|

If you do nothing, you will not receive a payment, and you will give up your right to bring your own lawsuit against Michael Kors about the claims in this case. Unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit or be part of any other lawsuit against Michael Kors relating to the issues in this case.

# GETTING MORE INFORMATION

| **20.  How do I get more information?** |
|---|

This Detailed Notice summarizes the proposed Settlement. More details can be found in the Settlement Agreement. You can obtain a copy of the Settlement Agreement at www.KorsOutletSettlement.com. You may also write with questions to Michael Kors Outlet Litigation, P.O. Box _____, [City, State, Zip], or call the toll-free number, 1-8XX-_____. Do not contact Michael Kors or the Court for information.

# EXHIBIT 3

MICHAEL KORS SETTLEMENT
Settlement Administrator
PO Box ####
Portland, OR 97208-####

<<MAIL ID>>

<<NAME 1>>
<<NAME 2>>
<<ADDRESS 1>>
<<ADDRESS 2>>                                                    <<DATE>>
<<CITY>>, <<STATE>> <<ZIP CODE>>

# CLAIM VERIFICATION FORM INSTRUCTIONS

If you shopped at a Michael Kors Outlet Store (a list identifying the Michael Kors Outlet locations is enclosed) between June 25, 2010, and June 25, 2014, and purchased one or more products with a price tag that contained both a Manufacturer's Suggested Retail Price ("MSRP") and an "Our Price," and you wish to make a claim in this class action, please complete this claim form.

The Claim Verification Form must be completed truthfully. The address you fill in on the form must be the address at which you intend to receive your payment, in the event you are eligible to receive payment as a Settlement Class Member, and should be an address that you will continue to receive mail through the date the Court orders payments to be distributed to Settlement Class Members. All forms must be submitted either online, or postmarked if sent by mail, no later than 30 days after the Court's entry of a Final Approval Order. Please contact the Administrator or visit www.WebsiteURL.com for the deadline date. Should you have any questions regarding the completion of the form, please contact the Administrator at www.WebsiteURL.com.

# SECTION 1 – PERSONAL INFORMATION

_____
First                          Middle                         Last

_____
Street Number & Name           City                    State       Zip Code

(_____)_____
Daytime Phone

_____
Email

## SECTION 2 – PURCHASING HISTORY

Have you purchased a Michael Kors Outlet Product at one or more Michael Kors Outlet
Stores between July 25, 2010, and July 25, 2014?                              Yes ___ No ___

At which Michael Kors Outlet Store(s) did you purchase the Michael Kors Outlet
Product(s)?
_____

How many total Michael Kors Outlet Products did you purchase between July 25, 2010,
and July 25, 2014?
_____

What Michael Kors Outlet Product(s) did you Purchase?

_____

_____

_____

_____

Did you pay with cash, debit card, check or credit card?          _____

Do you still have the receipt(s) for your purchase(s)?          Yes ___ No ___

If you paid with a credit or debit card, do you still have the credit card or debit card
statement(s) reflecting your purchase(s)?          Yes ___ No ___

## SECTION 3 – SETTLEMENT CLASS MEMBERS WITH RECEIPTS

If you have the receipt(s) for your Michael Kors Outlet Product purchase(s), and/or the credit card or debit card statement(s) reflecting your Michael Kors Outlet Product purchase(s), please complete Section 3; otherwise, continue to Section 4.

Please upload if online, or attach if sent by mail, copies of the receipt(s) for your Michael Kors Outlet Product purchase(s), and/or the credit card or debit card statement(s) reflecting your Michael Kors Outlet Product purchase(s), and provide the following information:

What is the total amount you paid for Michael Kors Outlet Products between July 25, 2010, and July 25, 2014 for which you are submitting receipt(s) and/or the credit card or debit card statement(s) to support your claim?                    $_____

## SECTION 4 – VERIFICATION

I declare under penalty of perjury under the laws of the State of _____ and the United States that the foregoing is true and correct.

Signature: _____

Name (please print): _____

Executed on (date): _____ - _____ - 2015

All Claim Verification Forms will be subject to review for completeness by the Settlement Administrator.

MICHAEL KORS SETTLEMENT
Settlement Administrator
PO Box ####
Portland, OR 97208-####

<u><<INSERT LIST OF MICHAEL KORS OUTLETS STORES AND/OR PRODUCTS>></u>