USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/9/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
TRESSA GATTINELLA, and KRISTIN :
LENGYEL individually and on behalf of all others
similarly situated :

                       Plaintiffs, :

                                       :

                  -against- :

MICHAEL KORS (USA), et al., :

                       Defendants. :
------------------------------------X

14cv5731

MEMORANDUM & ORDER

WILLIAM H. PAULEY III, District Judge:

        Plaintiffs, on behalf of a proposed class of Michael Kors' customers who were allegedly deceived into purchasing Michael Kors' Outlet Products that contained price tags with false reference prices, move for appointment of Class Counsel and final approval of the proposed settlement with Defendants Michael Kors (USA), Inc., Michael Kors, L.L.C., Michael Kors Retail, Inc., and Michael Kors Stores, L.L.C. (collectively, "Defendants") pursuant to Fed. R. Civ. P. 23(e). Class Counsel moves for attorneys' fees and costs, and service awards for the class representatives. For the following reasons, Plaintiffs' motion is granted. Class Counsel's motions are granted in part.

## DISCUSSION

A. The Settlement

        This Court must approve any settlement of a class action. Fed R. Civ. P. 23(e). A court must "carefully scrutinize the settlement to ensure its fairness, adequacy, and reasonableness, and that it was not a product of collusion." D'Amato v. Deutsche Bank, 236

F.3d 78, 85 (2d Cir. 2001). In doing so, this Court must examine both the terms of the settlement and the negotiating process. See D'Amato v. Deutsche Bank, 236 F.3d at 85. In making this assessment, this Court considers the factors articulated by the Second Circuit in City of Detroit v. Grinnell Corp.: (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in the light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. 495 F.2d 448, 463 (2d Cir. 1974).

This action involved complex issues of liability and damages that were likely to be litigated at substantial expense to the parties. Further, there were significant hurdles to Plaintiffs' ability to prove Defendants' liability, including difficulties in establishing that customers were actually deceived by the reference prices. Counsel to the class undertook an adequate investigation into Plaintiffs' claims and successfully negotiated the settlement. Such negotiations appear to have taken place in good faith and at arms' length. No objections were lodged to the proposed settlement.

The settlement calls for, inter alia, Defendants' agreement to: (1) modify its sales practices to change the manner and method in which it markets and labels various price tags for Michael Kors' Outlet products; and (2) pay $4,875,000 into a common fund for the benefit of the settlement class. This Court finds that the proposed settlement is a fair, reasonable and adequate means of resolving this action and approves the settlement pursuant to Fed. R. Civ. P. 23(e).

B. <u>Service Awards</u>

"The amount of the incentive awards is related to the personal risk incurred by the individual for the benefit of the lawsuit." <u>Fears v. Wilhelmina Model Agency, Inc.</u>, 02 Civ. 4911, 2005 WL 1041134, at *3 (S.D.N.Y. May 5, 2005). The two named plaintiffs provided assistance that enabled Class Counsel to successfully prosecute this action and reach the settlement, including: (1) submitting to interviews with Class Counsel; (2) locating and forwarding relevant responsive documents and information; and (3) participating in conferences with Class Counsel. Accordingly, this Court approves the requested service awards of $2,500 to each of the two named plaintiffs.

C. <u>Attorneys' Fees and Costs</u>

Where, as here, a class action settlement creates a common fund, Plaintiffs' counsel is entitled to "a reasonable fee – set by the court – to be taken from the fund." <u>Goldberger v. Integrated Resources, Inc.</u>, 209 F.3d 43, 47 (2d Cir. 2000). In assessing the reasonableness of the fee award sought, this Court must consider: (1) the time and labor expended by counsel; (2) the magnitude of the litigation; (3) the risk of the litigation; (4) the quality of the representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations. <u>Goldberger</u>, 209 F.3d at 50. This Court may use either the lodestar or percentage method to calculate a reasonable attorneys' fee award, though the latter is the preferred approach. <u>See</u> <u>In re Sumitomo Copper Litig.</u>, 74 F. Supp. 2d 393, 397 (S.D.N.Y. 1999). Whichever method is employed, the lodestar cross-check is used to test the reasonableness of a percentage-based fee. <u>See</u> <u>Goldberger</u>, 209 F.3d at 50. Where the lodestar is used as a cross-check, "the hours documented by counsel need not be exhaustively scrutinized by the district court." <u>Goldberger</u>, 209 F.3d at 50.

-3-

In its application for fees, Plaintiffs' counsel seeks 25% of the settlement fund, or $1,128,750, and reimbursement of $38,011.81 in expenses. Plaintiffs' counsel spent a combined total of 997.15 hours on this action, with hourly billing rates between $135 and $700, generating a total lodestar of $501,962.75. The lodestar yields a multiplier of approximately 2.4.

Plaintiffs' counsel assumed significant risks and expended substantial resources in representing Plaintiffs. In addition, Plaintiffs' counsel achieved a prompt settlement which is fair, adequate, and reasonable. Plaintiffs' counsel is entitled to an attorneys' fee award commensurate with their exceptional work throughout this action. However, a lodestar multiplier of 2.4 is higher than what other courts, including this one, have typically awarded. And several of those cases proceeded much further than this litigation. See, e.g., In re Currency Conversion Fee Antitrust Litig., 263 F.R.D 110, 130 (S.D.N.Y. 2009) (approving a 1.6 multiplier where parties had deposed more than 100 witnesses and briefed and argued motions for class certification and reconsideration); In re Natural Gas Commodity Litig., 03 Civ. 6186, ECF No. 445, ¶¶ 2, 6, 9 (S.D.N.Y. June 15, 2007) (approving 1.86 multiplier in commodities class action involving, inter alia, motions to dismiss and class certification); In re Philip Servs. Corp. Sec. Litig., 98 Civ. 835, 2007 WL 959299, at *1 (S.D.N.Y. Mar. 28, 2007) (approving 1.366 multiplier in case involving multiple appeals and 43 days of depositions).

Accordingly, a modest reduction in the percentage of the settlement fund awarded to the class is warranted. A 20% award of the settlement fund to Plaintiffs' counsel, or $975,000, representing a multiplier of 1.94, will adequately compensate Plaintiffs' counsel. Plaintiffs' application for reimbursement of expenses in the amount of $38,011.81 is granted.

## CONCLUSION

This Court approves the settlement, and finds that it is fair, reasonable, and adequate. This Court appoints Jeffrey M. Ostrow and the law firm of Kopelowitz Ostrow P.A. as Class Counsel, and Tressa Gattinella and Kristin Lengyel as Class Representatives. This Court grants service awards to Plaintiffs in the amount of $2,500 each, attorneys' fees to Plaintiffs' counsel in the amount of $975,000, and reimbursement of costs and expenses in the amount of $38,011.81, all to be paid out of the settlement fund. The parties are directed to submit a final judgment forthwith.

Dated: February 9, 2016
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*All Counsel of Record.*